UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D., M.P.H., ) | C/A No. 3:10-3294-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| The City of Columbia, South Carolina; ) | |
| Members of the City's Council; ) | |
| J. Steadly Bogan, "judge" for Columbia's Municipal ) | |
| Court; solely in their official capacities and solely for ) | |
| injunctive relief; ) | |
| Dana Davis Turner, Chief Administrator of the City's ) | |
| Municipal Court; ) | |
| Officer Hampe; Officer Kahl; Robert G. "Bob" Cooper; ) | |
| David A Fernandez; ) | |
| Assistant City Attorneys (ACAs) for the City; ) | |
| DeAndrea Gist Benjamin; ) | |
| and all other presently-unknown persons and entities ) | |
| necessary for adjudication of this case in both their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a resident of Columbia, South Carolina. The Complaint is styled as a "*COMPLAINT* FOR HABEAS RELIEF AND IMMEDIATE INJUNCTIONS[.]" Plaintiff makes a number of allegations, primarily that her constitutional rights have been violated as a result of criminal and/or civil cases in Columbia, South Carolina municipal court. Plaintiff fails to state a claim for relief, and this complaint is subject to summary dismissal.

*Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

This civil rights action primarily concerns litigation that the plaintiff has had with the City of Columbia over the past several years. Plaintiff rehashes a number of allegations that have been litigated in previous cases she has filed in this Court, but does not appear to seek relief again herein. Rather, she appears to focus on the possibility that she may be arrested for refusing to return a certain jury list to the municipal court, and asks this Court to prevent such an arrest.

As to Plaintiff's characterization of this case as sounding in habeas, the use of this label is unavailing. This civil action is not maintainable as a habeas corpus action because the plaintiff is not "in custody." An individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); and *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Id.*; *see also Garlotte v. Fordice,* 515 U.S. 39 (1995).

It is not completely clear if Plaintiff is asking this Court to overturn a decision by the municipal court that has already been made (such as an order requiring her to return the list,) or if she is asking this Court to interfere with an ongoing criminal case. In either case, this Court has no jurisdiction over such matters.

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp*., 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Cas.Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799),

and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). To the extent that Plaintiff is asking this Court to overturn decisions of the municipal court, Plaintiff has made no argument that this Court has appellate jurisdiction over municipal court decisions.

Additionally, "[i]n *Younger* [*v. Harris*, 401 U.S. 37 (1971)], the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and  3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). The *Younger* abstention doctrine applies to municipal courts as well as "state" courts such as the South Carolina circuit courts. *See Ellis v. Dyson*, 421 U.S. 426 (1975); *Moore v. City of Asheville, N.C.*, 396 F.3d 385 (4th Cir. 2005). Therefore, to the extent that Plaintiff is asking this Court to do so, this Court must abstain from interfering in any ongoing litigation Plaintiff may have with the City of Columbia.

Defendant city attorneys Robert G. "Bob" Cooper and David A. Fernandez are immune from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions"

hearings.  *See Van de Kamp v. Goldstein,* _ U.S. _ 129 S.Ct. 855 (2009)*; Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Burns v. Reed*, 500 U.S. 478 (1991).  The Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Because any discernable allegations against Defendant Cooper and Fernandez involve the judicial process, they are immune from suit in this case.

Defendant city judges J. Steadly Bogan and DeAndrea Gist Benjamin also enjoy immunity. Judges enjoy absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions").  *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  As these judges were acting in their judicial capacity when they issued any orders with which Plaintiff takes issue, they are immune from suit in the above-captioned civil rights action and are entitled to summary dismissal from this case.

Similarly, Dana Davis Turner, Chief Administrator of the City's Municipal Court for the City of Columbia, is immune from suit because of quasi-judicial immunity. The doctrine of quasi-judicial immunity protects Defendant Turner from the kind of claims asserted in this case.  The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel

because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).

Finally, it is noted that, in addition to injunctive relief, Plaintiff also asks this Court "declare" that various actions taken by defendants have violated Plaintiff's federal constitutional rights. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Thus, to the extent Plaintiff seeks a declaration that the Defendants' past behavior constituted a violation of her rights, Plaintiff is not entitled to such relief.

Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Since filing this case, Plaintiff has field two motions. The first, at ECF No. 7, has been

docketed as a Motion for Equal Access to the Courts. The second, at ECF No. 8, has been docketed as a Motion for Immediate Relief. In light of the recommendation that this case be summarily dismissed, these motions are **denied**. *Plaintiff's attention is directed to the important notice on the next page*.

                                                            Joseph R. McCrorey
                                                            United States Magistrate Judge

March 7, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).